# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

BARRY GROSSMAN,

    Plaintiff,

v.                                        Civil Action No.:

VELVET ROPES, INC.,

    Defendant.

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, Barry Grossman ("Grossman" or "Plaintiff"), brings this complaint in the United States District Court for the Middle District of Tennessee against VELVET ROPES, INC. ("Velvet Ropes" or "Defendant"), alleging as follows:

## THE PARTIES

1. Plaintiff is an experienced, commercial photographer of over thirty-five years, specializing in interior, hospitality, portrait, product, and architecture photography. Grossman has captured images for numerous clients, including Hilton, Corcoran Group, Kohler, RTKL, Creative Mindworks, among others. Grossman's work has been published nationally and internationally, including Elle Decor Italy, Architectural Digest, Luxe, Architecture Designers Quarterly, Veranda, and Travel + Leisure. Grossman teaches online and in-person workshops on post-production and lighting techniques. Grossman resides in Groveland, Florida.

2. Defendant is a Corporation organized and existing under the laws of the State of Tennessee with its principal place of business located in Nashville, Tennessee. Defendant's agent

for service of process is Velvet Ropes, Inc. and can be served at its registered address located at 1831 Twelfth Avenue South #193, Nashville, Tennessee, 37203.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because Defendant has maintained sufficient minimum contacts with the State of Tennessee and as a result the exercise of personal jurisdiction over Defendant by this Court would not offend traditional notices of fair play and substantial justice.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agent(s) reside or may be found in this district: "A defendant 'may be found' in a district in which he could be served with process; that is, in a district which may assert personal jurisdiction over the defendant."

**FACTS**

**I.    The Photographs at Issue in this Lawsuit**

6.    On March 14, 2017, Barry Grossman captured the photographs, "PineTreeDR_Stairs-A-tight," "Pinetree_Pool-Twilight-B-retouched," "Pinetree_Pool-Twilight-G," "Pinetree_Pool-Twilight-F," "Lerner-06229," "Lerner-2," and "Lerner-06212," ("Copyrighted Photographs") copies of which are exhibited below:















7. Copyrighted Photographs were registered by Barry Grossman with the United States Copyright Office on March 17, 2023 (Registration No.: VA 2-342-231).

8. For all times relevant to this action, Plaintiff has been the author and exclusive copyright holder of all copyright rights in and to Copyrighted Photographs. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement. See 17 U.S.C. § 501(b).

## II. Defendant's Unlawful Activities

9. Defendant is an online website promoting news about celebrities and information about celebrity homes. Defendant maintains a social media presence and a blog on their website, www.velvetropes.com, as well as a database of celebrity homes for members of the site.

10. On or about July 21, 2020, Defendant published Copyrighted Photographs to its website(s), https://www.velvetropes.com/celebrity-homes/celebrity-house-925/photos/1:

















11. On or about July 21, 2020, Defendant published Copyrighted Photographs to its social media feed(s), https://www.instagram.com/p/CC6fmBJDiCh/:



Plaintiff's Original Complaint Page 10 of 14



12. Defendant is not and has never been licensed to use or display Copyrighted Photographs. Defendant never contacted Plaintiff to seek permission to use Copyrighted Photographs in connection with its website or for any other purpose.

13. Upon information and belief, Defendant located copies of Copyrighted Photographs on the internet and, rather than contact Plaintiff to secure licenses, simply copied Copyrighted Photographs for its own commercial use.

14. Plaintiff first discovered Defendant's unauthorized use/display of Copyrighted Photographs on or about March 15, 2023. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use. To date, Plaintiff has been unable to negotiate a reasonable license for the past infringement of Copyrighted Photographs.

## COUNT I: COPYRIGHT INFRINGEMENT

15. Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

16. Copyrighted Photographs are original works of authorship, embodying copyrightable subject matter, and therefore subject to the full protection of the United States copyright laws (17 U.S.C. § 101 et seq.).

17. Barry Grossman owns a valid copyright in Copyrighted Photographs, having registered Copyrighted Photographs with the Register of Copyrights.

18. Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyright.

19. Defendant reproduced, distributed, and publicly displayed Copyrighted Photographs without authorization from Plaintiff.

20. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying Copyrighted Photographs for its own commercial purposes.

21. Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright.

22. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

23. Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of Copyrighted Photographs and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of Copyrighted Photographs, which amounts shall be proven at trial.

24. Alternatively, to the extent infringement by Defendant of Copyrighted Photographs occurred post-registration or within the three (3) month period between first publication and registration, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

25. To the extent infringement by Defendant of Copyrighted Photographs occurred post-registration or within the three (3) month period between first publication and registration, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendant's conduct pursuant to 17 U.S.C. § 505 for such infringement of the corresponding Copyrighted Photographs.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in Copyrighted Photographs;

b. A declaration that such infringement is willful (to the extent applicable);

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election (to the extent applicable), an award of statutory damages for willful infringement up to $150,000.00 for infringement of each photograph comprising the Work.

d. Awarding Plaintiff its costs and (if applicable) reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or

continuing to display, transfer, advertise, reproduce, or otherwise market Copyrighted Photographs or to participate or assist in any such activity; and

g.  For such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims for which there is a right to jury trial.

Dated: August 22, 2024

**Luedeka Neely, P.C.**

*/s/ Michael J. Bradford*
Michael J. Bradford
P.O. Box 1871
Knoxville, TN 37901
Telephone: (865) 546-4305
Email: mbradford@luedeka.com
*Counsel for Plaintiff*

-and-

**The Law Office of David C. Deal, P.L.C.**

*/s/ David C. Deal*
David C. Deal
117 4th Street NE
Charlottesville, VA 22902
Telephone: (434) 261-2704
Email: david@daviddeal.com
*Counsel for Plaintiff*
*Pro Hac Vice application forthcoming*