IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BARRY GROSSMAN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 3:24-cv-01022 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| VELVET ROPES, INC., | ) | MAGISTRATE JUDGE HOLMES |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM

Pending before the Court is Defendant Velvet Ropes, Inc.'s ("Velvet Ropes") Partial Motion to Dismiss. (Doc. No. 19). Plaintiff Barry Grossman ("Grossman") filed a response in opposition (Doc. No. 22), and Velvet Ropes filed a reply (Doc. No. 23). For the reasons discussed below, Velvet Ropes' motion (Doc. No. 19) is **DENIED**.

### I. FACTUAL BACKGROUND

This is a copyright infringement case. Grossman is a commercial photographer specializing in interior, hospitality, portrait, product, and architecture photography. (Doc. No. 18 ¶ 1). On March 14, 2017, Grossman captured a series of photographs depicting various features of a residence (the "Copyrighted Photographs"). (*Id.* ¶ 6). Grossman registered the Copyrighted Photographs with the United States Copyright Office on March 17, 2023. (*Id.* ¶ 7).

Velvet Ropes is an online website promoting news about celebrities and information about celebrity homes. (*Id.* ¶ 9). Velvet Ropes maintains a social media presence and blog on its website, as well as a database of celebrity homes for members of the site. (*Id.*) On or about January 18, 2019, and July 21, 2020, Velvet Ropes copied and posted Copyrighted Photographs to its Facebook feed. (*Id.* ¶¶ 10-12). On or about July 21, 2020, Velvet Ropes copied and posted Copyrighted

Photographs to its website. (*Id.* ¶ 13). Velvet Ropes attached "Cover photo by Douglas Elliman" to its unauthorized use of Copyrighted Photographs on its website, and displayed advertisement underneath its unauthorized use of Copyrighted Photographs on its website. (*Id.* ¶¶ 14-15).

On or about July 21, 2020, Velvet Ropes copied and posted Copyrighted Photographs to its Instagram feed. (*Id.* ¶ 16). Grossman alleges that proper to Velvet Ropes' infringement of Copyrighted Photographs, it "possessed direct knowledge 'Douglas Elliman' is the name of a real estate agency" and "was not the author nor copyright holder to Copyrighted Photographs." (*Id.* ¶¶ 18-19). Grossman also alleges that "Velvet Ropes never made any effort to identify the correct author and copyright holder of Copyrighted Photographs before copying and posting Copyrighted Photographs to its website" and "Velvet Ropes located copies of Copyrighted Photographs on the internet and, rather than contact Plaintiff to secure licenses, simply copied Copyrighted Photographs for its own commercial use." (*Id.* ¶¶ 22-23).

Grossman brings claims against Velvet Ropes for copyright infringement and removal and alteration of integrity of copyright management information pursuant to 17 U.S.C. § 1202. Velvet Ropes moved to dismiss Count II of the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) on the grounds that Grossman fails to state a plausible claim for relief under 17 U.S.C. § 1202(a)(1) or (b)(1).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must accept as true all of the factual allegations in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face. *Id.* at 678. A claim has facial plausibility when the

plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Thus, dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Guzman v. U.S. Dep't of Children's Servs.*, 679 F.3d 425, 429 (6th Cir. 2012).

## III. ANALYSIS

"Section 1202(b)(1) of the [Digital Millenium Copyright Act (17 U.S.C. § 1202)] prohibits the intentional removal or alteration of copyright management information (CMI) when a person knows or has reasonable grounds to know such removal or alteration will induce, enable, facilitate, or conceal an infringement." *Philpot v. Toledo Radio, LLC*, No. 3:15CV1401, 2016 WL 5118282, at *2 (N.D. Ohio Sept. 21, 2016). Moreover, Section 1202(a) prohibits a person from "knowingly and with the intent to induce, enable, facilitate, or conceal an infringement provide, distribute, or import for distribution false CMI." *Id.*

"To properly plead a violation of § 1202(a), a plaintiff must allege that '(1) defendant knowingly provided false copyright information; and (2) that the defendant did so with the intent to induce, enable, facilitate, or conceal an infringement.'…'Copyright management information' ("CMI") includes the name of the copyright owner—including as set forth in the notice of copyright—and the name of the author." *McCleese v. Natorp's, Inc.*, No. 1:20-CV-118, 2021 WL 2270511, at *5 (S.D. Ohio June 3, 2021) (internal citation omitted). Further, to properly plead a violation of Section 1202(b), a plaintiff must show that "a person (i) without authority of the copyright owner or the law (ii) intentionally removes or alters any copyright management

3

information (iii) knowing or having reasonable grounds to know that it will induce, enable, facilitate, or conceal an infringement of the federal copyright laws." *Gordon v. Nextel Commc'ns & Mullen Advert., Inc.*, 345 F.3d 922, 927 (6th Cir. 2003).

Here, Velvet Ropes argues that Grossman failed to plead facts supporting that Velvet Ropes knowingly provided false copyright management information when it allegedly published Grossman's copyrighted photographs on its website. Velvet Ropes also argues that Grossman failed to state a plausible claim under 17 U.S.C. § 1202(b) because he failed to allege that Velvet Ropes intentionally removed or altered any pre-existing copyright management information from the Copyrighted Photographs.

The Court disagrees and finds that Grossman has pleaded enough facts in the Amended Complaint, which the Court must accept as true for 12(b)(6) purposes, to state a claim for a violation of 17 U.S.C. § 1202. Specifically, Grossman alleges that before Velvet Ropes' infringement of Copyrighted Photographs, it knew that Douglas Elliman was not the author nor copyright holder to Copyrighted Photographs. (Doc. No. 18 ¶ 18). Grossman also alleges that Velvet Ropes knew that Douglas Elliman was the name of a real estate agency and that despite its direct knowledge that Douglas Elliman was not the author nor copyright holder to the Copyrighted Photographs, Velvet Ropes copied and displayed Copyrighted Photographs on its website. (*Id.* ¶ 20). Moreover, Grossman alleges that Velvet Ropes never made any effort to identify the correct author or copyright holder of Copyrighted Photographs before displaying them on its website and, instead of contacting Grossman to secure licenses, copied and posted Copyrighted Photographs for its own commercial use. (*Id.* ¶¶ 22-23).

Viewing the allegations in the Amended Complaint in Grossman's favor, the Court finds that Grossman stated a claim for removal and alteration of the integrity of copyright management information pursuant to 17 U.S.C. § 1202.

## IV. CONCLUSION

For the reasons stated above, Velvet Ropes' Partial Motion to Dismiss (Doc. No. 19) is **DENIED**.

An appropriate Order will enter.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE